CORPRON v. SKIPRICK.

1. AUTOMOBILES—PEDESTRIANS—LOCATION OF ACCIDENT—SPEED—QUESTIONS FOR JURY.

Issues of fact as to how and where eastbound defendant motorist struck southbound plaintiff pedestrian and speed of defendant were properly left to jury, where claims of respective parties were supported by their own and corroborating testimony.

2. SAME—NEGLIGENCE—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—GREAT WEIGHT OF EVIDENCE.

Finding of jury that plaintiff pedestrian had failed to sustain his burden of proof as to his own freedom from contributory negligence and as to defendant motorist's negligence *held*, not against great weight of evidence.

3. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—STATUTES.

Claim of error respecting charge as to contributory negligence of plaintiff pedestrian in that trial judge unduly emphasized such issue *held*, without merit, the charge having fairly submitted such issue as well as issue of defendant's negligence because of alleged failure to observe pertinent statutory provisions as to operation of motor vehicles on public highways and. due care on occasion in question (CL 1948, § 256.305[a]).

4. SAME—MOTORISTS NOT INSURERS AGAINST ACCIDENTS—PEDESTRIANS.

A motorist is not an insurer against accidents with pedestrians.

5. SAME—PEDESTRIANS—CROSSING STREETS—TRAFFIC LIGHTS.

Defendant motorist, eastbound on rainy evening late in March on street on which southbound plaintiff pedestrian was crossing east of traffic light, may not be said to have had the duty as a matter of law to avoid a collision with plaintiff regardless of circumstances.

REFERENCES FOR POINTS IN HEADNOTES

[1–8] 5 Am Jur, Automobiles § 293.
[1–8] Right of way at street or highway intersections.   21 ALR 974; 37 ALR 493; 47 ALR 595.

6. SAME—INSTRUCTIONS—SPEED—NEGLIGENCE—EVIDENCE.

Conflicting proofs as to how and where accident happened when defendant's eastbound car struck southbound plaintiff pedestrian presented question for jury as to whether defendant was subject to the "assured clear distance" rule as to speed of his car, hence plaintiff was not entitled to instruction to jury that defendant was guilty of negligence as a matter of law because he was traveling faster than would permit him to stop within the assured clear distance ahead and because of his failure to see plaintiff when latter was part way across street at 7:30 in the evening on a rainy night late in March (CL 1948, § 256.305[a]).

7. TRIAL—EXAMINATION OF REQUESTS TO CHARGE.

A trial judge is entitled to a reasonable opportunity to examine requests to charge jury and to determine whether they are in proper form (CL 1948, § 691.432).

8. SAME—REQUESTS TO CHARGE—STATUTES.

A trial judge may comply with an oral request to charge if he thinks it proper to do so, but, if he declines, such refusal is not a proper basis for an assignment of error, since the statute relating to requests to charge provide for written requests but is silent as to any right to verbally ask for a specific instruction (CL 1948, § 691.432).

Appeal from Tuscola; DesJardins (George W.), J. Submitted June 5, 1952. (Docket No. 37, Calendar No. 45,422.) Decided September 3, 1952.

Case by Edward A. Corpron against Frank Skiprick for injuries suffered when struck by defendant's automobile. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Williams & Williams,* for plaintiff.

*Maurice C. Ransford,* for defendant.

CARR, J. Plaintiff brought this action in circuit court to recover damages for injuries suffered by him as the result of being struck by defendant's automobile. The accident occurred about 7:30 p.m. on

the 26th of March, 1949, in the village of Cass City. Main street in said village is 74 feet in width from curb to curb, running in an east and west direction. At the time in question plaintiff undertook to cross said street from the north to the south side at or near the crosswalk on the east side of the intersection of Main and Seager. Defendant approached the scene of the accident from the west, driving through the intersection and striking plaintiff with such force as to knock him to the pavement or to cause him to fall.

The case was tried before a jury, which returned a verdict in favor of the defendant. Judgment was entered on the verdict. Plaintiff moved for a new trial, alleging as one of the grounds therefor that the verdict was against the great weight of the evidence. The motion was denied and plaintiff has appealed.

On the trial of the case the testimony was conflicting as to where the accident happened and as to the circumstances involved. It was plaintiff's claim that he left the northeast corner of the intersection of Main and Seager streets, that as he did so he observed the traffic light in the center of the intersection, and that it was green for north and south traffic. As he proceeded on his course he looked to the west and saw the headlights of an automobile approaching Seager street. When approximately 20 feet from the north curb he noticed that said car, which was operated by defendant, was proceeding through the intersection. His testimony indicates that the automobile was coming directly toward him, that he was uncertain whether to retrace his steps to the north or to continue south, and in consequence he remained stationary until he was struck by the left front corner of defendant's car. His claim that the accident happened on the north side of the center line of Main street was corroborated by the testi-

mony of 2 witnesses who apparently did not see the occurrence but who stated that when they arrived on the scene plaintiff was lying a short distance from the north curb. One of the witnesses placed such distance at 9 feet, and the other at 14 or 15 feet. Plaintiff's claim with reference to where the accident happened and his conduct immediately preceding it is indicated by the following excerpt from his testimony:

"*Q.* Now how far down the street was that car when you first saw it?

"*A.* The car was possibly 75 feet west from the crosswalk going north and south on the west side of the intersection. He was headed and going east and was in the center of the road. There is no center line on Main street and I saw the car coming and I stopped and was about 20 feet from the north curb.

"*Q.* What did you do then?

"*A.* Well, I figured the man was going to stop on the corner for the red light which was east and west, understand me?

"*Q.* Yes.

"*A.* But consequently that car went through.

"*Q.* As I remember on your direct examination you made a remark like this, that you stopped to let the car pass by?

"*A.* Well, what else could I do. That is what I said, when the car was coming at me right close to me I couldn't step one way and couldn't jump back the other way. There I was. I figured he would go around me and miss me, that is what I figured he would do.

"*Q.* He was going against the red light, was he?

"*A.* He was. * * *

"*Q.* Then Mr. Skiprick continued right on crossing the intersection while you were standing there 20 feet out and he drove right towards you?

"*A.* Must have done it because he hit me there.

"*Q.* That is what I want to know.

"*A*. I would say that he did. I wouldn't say he run straight for me. I know the car was coming right direct at me, and I could not make a move. That I do know.

"*Q*. Then would you say you never moved from your spot 20 feet out from the time you saw Mr. Skiprick down here 75 feet west of the west crosswalk, that you never moved from that spot until the time he hit you?

"*A*. I didn't have a chance."

Defendant testified in substance that immediately prior to striking plaintiff he was driving in an easterly direction on Main street, also referred to in the record as M–81, at approximately 15 miles per hour, and that he was proceeding slowly because it was raining and the visibility was poor. Cars were parked along both sides of the street. Defendant claimed that he was at all times on the south side of the center line of Main street, that when he went through the intersection of that street with Seager he had the green light, and that he did not see plaintiff until the instant of the impact. He stated further that he stopped his car within a distance of 4 or 5 feet, and that it remained in that position for approximately one-half hour. It was his further claim that the accident did not happen on or near the crosswalk but, rather, approximately 70 feet to the east thereof, and that the plaintiff stepped in front of the automobile. His testimony fairly indicates the claim that plaintiff, immediately prior to the impact, was approaching from the north and that he did not see plaintiff because of the poor visibility and the fact the he was observing the highway to the east.

Defendant's testimony was corroborated by that of a witness who was riding with him at the time of the accident. Other witnesses claimed that the automobile, following the accident, was on the south

side of the center line of Main street. The village marshal arrived on the scene some 10 or 15 minutes after the accident occurred. He stated that at the time plaintiff was lying 3 to 4 feet north of the center line of the street, and that defendant's car was at least 3 feet to the south of the center line. This witness noticed skid marks on the pavement, approximately 3 feet in length, south of the center line. The testimony of the marshal further indicated that there was no evidence to the effect that defendant had crossed the center line. He testified also to measurements made by him 2 or 3 days after the accident, and corroborated the claim of the defendant that the point of impact was some distance east of the crosswalk.

In view of the testimony of the various witnesses in the case, including the parties, we think that the issues of fact involved were properly submitted to the jury for determination. Apparently the jury concluded that plaintiff had not sustained the burden of proof resting on him and was, in consequence, not entitled to recover damages. On the record before us it cannot be said that such finding was against the great weight of the evidence. *Black* v. *Ambs,* 307 Mich. 644.

Appellant further argues that the trial judge in submitting the case to the jury unduly emphasized the issue of contributory negligence. Our examination of the charge as a whole brings us to the conclusion that the claim is not well founded. Whether defendant was negligent and whether plaintiff had established his freedom from contributory negligence were the principal issues in the case, and it is apparent that the judge in his charge sought to avoid the possibility of any confusion arising in the minds of the jurors with reference thereto. It cannot be said that more stress was placed on the duties resting on plaintiff for his own well-being than on

defendant's obligation to observe applicable provisions of the statute governing the operation of motor vehicles on public highways and to exercise due and proper care in the operation of his automobile on the occasion in question. As given, the charge fairly submitted plaintiff's claims and he was not, under the record in the case, entitled to a more favorable presentation of the issues. The claim of error is without merit.

At the conclusion of the proofs counsel for plaintiff orally requested the court to charge the jury that the defendant was guilty of negligence as a matter of law because he was driving at such a rate of speed that he was not able to stop his car within the assured clear distance ahead, and because of his failure to see the plaintiff prior to the impact. The first ground for the request apparently was based on the theory that under the evidence in the case defendant was guilty of a violation of CL 1948, § 256.305(a) (Stat Ann 1947 Cum Supp § 9.1565[a]), in force at the time of the accident, which read as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

The provision above quoted now appears in the present Michigan vehicle code, PA 1949, No 300, as section 627(a) thereof (Stat Ann 1952 Rev § 9.2327).

The second ground alleged in the request for the instruction was obviously predicated on the theory that it was the duty of the defendant to discover

plaintiff in time to stop before striking him, and that because he did not do so he was guilty of negligence as a matter of law. However, defendant was not an insurer against accidents. It may not be said that the duty rested on the defendant as a matter of law to avoid a collision with plaintiff regardless of circumstances. *Nickels* v. *Hallen*, 247 Mich 291, 295. The request seems to have rested on the claim of plaintiff, as made in his testimony on the trial, that he was standing on the highway immediately in front of defendant's automobile as the latter approached him and that he did not, for the reason given by him, undertake to move from his position. Such claim was not in accord with the testimony of the defendant and his witnesses. It was in effect defendant's claim that he was watching the highway in front of his vehicle and that plaintiff approached from the north side of the car and stepped in front of the left front fender.

In view of the conflict in the proofs as to how and where the accident happened, plaintiff was not entitled to the instruction requested by him. Under defendant's proofs plaintiff was not, prior to the impact, ahead of the automobile. Rather, he was at one side. If such was the situation, and the jury might well have concluded that it was, whether defendant was guilty of negligence because of his failure to observe plaintiff approaching from his left was, under all the circumstances of the case, an issue of fact. It may not be said that the statutory "assured clear distance ahead" rule was necessarily applicable in the case. *Fisher* v. *Grand Trunk Western R. Co.*, 306 Mich 95. In *Malone* v. *Vining*, 313 Mich 315, 320, it appears that the defendant driver saw the plaintiff standing on the north side of the pavement, and although her view was not obstructed she did not again observe him until the instant of the impact. Commenting on the situation, it was said:

"Her testimony, together with other evidence and the physical facts and circumstances surrounding the accident, clearly presented a question of fact for jury determination as to whether or not she was negligent."

At the time of the request the trial judge stated in effect that he would endeavor to take care of the matter in his general charge. He did so by specifically calling attention to the duties resting on defendant in the operation of his automobile, which duties plaintiff claimed had been violated, and charging that if defendant failed to operate his car accordingly he was guilty of negligence. Plaintiff was not entitled to a presentation more favorable to him. Without reference to the form in which the request for an instruction that defendant was guilty of negligence as a matter of law was made, the court was not in error in failing to so charge.

It may be noted in passing that the statute, relating to requests to charge at the conclusion of the proofs in a trial before a jury, provides for written requests but makes no mention of any right to verbally ask a specific instruction. CL 1948, § 691.-432 (Stat Ann § 27.1039). The trial judge is entitled to a reasonable opportunity to examine requests and determine whether they are in proper form. He may, of course, comply with an oral request if he thinks it proper to do so, but, if he declines, such refusal is not a proper basis for an assignment of error. As suggested by this Court in *Anthony* v. *Cass County Home Telephone Co.,* 165 Mich 388, 401, such practice "is not to be commended for many reasons that must be apparent to the profession." However, without reference to the form in which the request was made in the instant case, its denial was not erroneous.

We find no reversible error in the case, and the

judgment of the trial court is affirmed. Defendant may have costs.

DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.