PEDEN *v*. CARPENTER.

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The question as to whether southbound defendant truck driver was guilty of negligence and of whether northbound plaintiff motorist was free from contributory negligence in collision of left side of vehicles on easterly portion of 22-foot pavement along which an unpaved shoulder afforded passage room for a car *held*, to have been properly left to jury under record presented.

2. WITNESSES—CREDIBILITY—QUESTION FOR JURY.

The credibility of a defendant's testimony was for jury, where,

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 1028.
[2] 5A Am Jur, Automobiles and Highway Traffic § 1030.
[3] 3 Am Jur, Appeal and Error § 1115.
[4] 5A Am Jur, Automobiles and Highway Traffic § 1092.
[5] 5A Am Jur, Automobiles and Highway Traffic § 1098.
[6] 39 Am Jur, New Trial § 26.
[7] 53 Am Jur, Trial § 505.

although the defendants' claims as to the details of the occurrence giving rise to the action were not disputed by witnesses present at the time, the one defendant's testimony was sought to be impeached by showing that subsequent to the accident he had made a statement inconsistent with his position at the trial although he denied having made such a statement.

3. AUTOMOBILES—TRIAL—REQUEST TO CHARGE—INSTRUCTION—DAMAGES—LIABILITY.

Failure to instruct jury to disregard testimony as to a subsequent automobile accident in which plaintiff motorist was injured, pursuant to plaintiff's request to do so, did not constitute error, where the instruction given limited the jury's consideration of such testimony to the matter of damages and jury declined to find defendants liable at all.

4. SAME—INSTRUCTIONS—REQUEST TO CHARGE.

It was not error for trial court to decline to give an instruction as to "statutes covering passing automobiles on the highway" pursuant to oral request, made after conclusion of charge given in action arising out of collision between plaintiff's car and defendants' truck, where plaintiff was not entitled to such instruction and had made no written request therefor.

5. SAME—ASSURED CLEAR DISTANCE AHEAD—INSTRUCTIONS.

Instruction given relative to application of the assured clear distance ahead rule in action arising out of automobile accident *held*, without error, where testimony showed defendants' southbound truck had crossed center line some 48 feet north of point of impact and was then nearly stopped and that plaintiff's car, travelling at 60 to 65 miles an hour, did not slow down (PA 1949, No 300, § 627).

6. NEW TRIAL—GREAT WEIGHT OF EVIDENCE—INSTRUCTIONS.

New trial in action arising out of automobile accident, sought on the ground that verdict for defendant was contrary to the great weight of the evidence *held*, properly denied, where issues were properly submitted in a charge carefully protecting rights of both parties, the weight to be given the testimony was for the jury and proofs supported verdict for defendants.

7. AUTOMOBILES—ADMISSIONS—ARGUMENT TO JURY.

Reference by defendants' attorney in final argument to jury to fact that one of the plaintiffs had paid a certain sum of money to the owner of the car that his son was driving and which

was damaged in a collision with defendants' truck and that such payment was in the nature of an admission of fault on the part of the son *held,* not reversible, where no ruling on such matter was requested, the jury being entitled to draw such inferences from such payment as they deemed warranted.

Appeal from Berrien; Robinson (Thomas N.), J. Submitted April 16, 1958. (Docket Nos. 95, 96, Calendar Nos. 47,094, 47,095.) Decided June 12, 1958.

Case by Merl R. Peden, guardian of Donald Lowell Peden, minor, against Nelson Carpenter and Paul Krenzien, a copartnership, for personal injuries resulting from collision of motor vehicles. Similar action by Merl R. Peden for medical expense. Cases consolidated for trial and appeal. Verdicts and judgments for defendants. Plaintiffs appeal. Affirmed.

*Gore & Williams (Charles W. Gore,* of counsel), for plaintiffs.

*Troff, Lilly & Bonow (Roger File,* a counsel), for defendants.

Carr, J. These cases have resulted from a traffic accident that occurred in Berrien county on May 20, 1953, at approximately 10 o'clock in the forenoon. At the time plaintiff Donald Peden, then 17 years of age, was driving a Mercury car in a northerly direction on US–31, approximately 5 miles from Berrien Springs. With him were 2 other young men of about the same age as Donald. Defendant Krenzien was driving a Chevrolet dump truck in a southerly direction on said highway, he being engaged at the time in hauling operations carried on by himself and the other defendant as copartners. The vehicles came in contact at a point east of the center line of the road, the paved portion of which was,

at the time the accident occurred, approximately 22 feet in width with a gravel shoulder on the east side.

As a result of the impact the Mercury overturned and ended bottom side up in a ditch. The 3 inmates of the car were injured. The present actions, brought on behalf of Donald to recover damages for his injuries and by his father for reimbursement for hospital and medical expenses, were consolidated for trial. Following the introduction of proofs counsel for plaintiffs moved for a directed verdict in their favor, with the determination of the amount of damages to be left to the jury. The motion was denied. The cases were submitted to the jury, and verdict returned for defendants. Motion for a new trial was denied, and plaintiffs have appealed.

On behalf of plaintiffs it is contended that the trial judge was in error in denying their motion for a directed verdict. Said motion was based on claims that defendant Krenzien's negligence was established by the proofs, that such negligence was the sole proximate cause of the accident, and that under the testimony no contributory negligence on the part of Donald Peden could be found. The trial judge reached a different conclusion, holding that the factual matters at issue were for determination by the jury. Donald Peden was a witness on the trial, but was unable to recall the accident or any of the attending circumstances. One of the young men riding with him, Harold Streidl, was called by counsel for the plaintiffs, but he, also, could remember none of the details of the occurrence in question, or the operation of the Mercury immediately preceding the collision. The third occupant of the car, Eldon Collier, was not a witness on the trial.

The driver of a truck proceeding north on the highway a short distance ahead of the Mercury observed that car behind him and witnessed the accident in his rearview mirror. He testified that Don-

ald was driving at a rate of speed between 60 and 65 miles per hour, and such estimate was corroborated by other testimony given by witnesses for the plaintiffs. The witnesses included the sheriff of the county and the driver of a truck proceeding in a southerly direction ahead of defendant Krenzien. The latter was also called by plaintiffs for cross-examination,* testifying that when he was some distance to the north he noted vehicles ahead of him on the highway proceeding in a southerly direction, observing particularly a truck driven by one of plaintiffs' witnesses behind the other vehicles. He stated that the drivers ahead decreased their speed, that he did likewise, and that when he was approximately 140 feet behind the truck immediately preceding him he observed that it came to a complete stop. Thereupon he applied his brakes, with the result, as he claimed, that his truck, which was empty, bounced on the rough pavement, the brakes locked, and he was unable to control its course. As a result it proceeded in a direction that took it somewhat across the center line of the road.

Krenzien claimed that when the collision with the Mercury occurred he had come nearly to a complete stop. The testimony of the sheriff of the county indicates that defendants' dump truck left skid marks for a distance of approximately 40 feet on the west side of the center line, and that such marks continued on the east side for 48 feet. It is a fair inference from such testimony that the left front corner of defendants' vehicle crossed the center line approximately 3 rods north of the point of impact. The vehicles did not meet "head on", undisputed testimony indicating that the left front corner of the Mercury struck the left front portion of the truck. There is no proof that the speed of the Mercury was

---

* See CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

decreased, or that it changed its course as it approached the point of impact. One of plaintiffs' witnesses further testified that the distance between the east edge of the pavement and the guard posts was sufficient to permit an automobile to traverse it. The location of the skid marks may be regarded as justifying a conclusion that the truck came to a stop in such a position as to leave open a portion of the east half of the pavement. The claim made by the driver of the truck that the brakes locked when he attempted to apply them was corroborated by the testimony of the truck driver proceeding ahead of the Mercury car to the effect that he noted that defendant Krenzien was having difficulty with his truck, suggesting inability to control its course.

The situation presented on the record is an unusual one in some respects. Without discussing the testimony in more detail, we think the trial court properly left to the jury the question as to defendant Krenzien's negligence, and also whether the proofs established freedom from contributory negligence on the part of Donald Peden. Defendants' claims as to the details of the occurrence giving rise to these cases were not contradicted by witnesses present at the time. Krenzien's testimony was sought to be impeached by showing that subsequent to the accident he made a statement inconsistent with his position on the trial. He denied making any such statement, and it rested with the jury to determine the dispute together with other factual issues involved.

The cross-examination of plaintiff Donald Peden disclosed that following the accident of May 20, 1953, he had sustained other injuries in different ways, including a subsequent automobile accident. The testimony was admitted as bearing on the question of damages, it being the claim of defendants that Donald's physical condition was to a certain extent

the result of the other incidents shown. Counsel for plaintiffs requested that the court charge the jury that the testimony in question should be disregarded. The trial judge declined to so charge, but did advise the jurors that they were not concerned with the cause or causes of any other accidents in which Donald may have been involved, and that such other accidents were to be disregarded except as his injuries for which he sought to recover damages resulted therefrom by way of aggravation of his condition caused by the collision with defendants' truck. The weight to be given to the testimony was for the jury to decide. The question at issue was fairly presented in the charge of the court, and there was no error in failing to direct the jury to wholly disregard the testimony. Furthermore, the alleged error had reference solely to the matter of damages, and it is apparent that the jury in its deliberations did not reach that question. Obviously the verdict was based either on a finding that defendants' negligence had not been shown or that the proofs did not establish that there was no contributory negligence on the part of Donald Peden.

Following the conclusion of the charge as given, counsel for appellants suggested that plaintiffs were "entitled to instruction on the statutes covering passing automobiles on the highway." No written request was submitted, nor did counsel indicate the form in which he thought the jury should be charged. The trial judge expressed the opinion that the instructions given sufficiently covered the matter. Counsel was not entitled to a charge of the nature indicated, based on the oral statement. A written request in proper form should have been submitted. *Rogers* v. *City of Detroit,* 340 Mich 291.

Appellants also argue that the trial judge was in error in charging the jury on the statutory as-

sured clear distance rule* as possibly applicable to plaintiff Donald Peden as well as to defendant Krenzien. Our examination of the charge as given, read in conjunction with the further instructions of the trial judge, brings us to the conclusion that no prejudicial error was committed in the respect claimed. Following a general statement as to the duty of the driver of a vehicle to proceed at a rate of speed which will permit him to stop within the assured clear distance ahead, the court stated:

"However, I further instruct you that if either of these parties did have his car—that is plaintiff or defendant—under such control that he could stop it within the assured clear distance ahead; that is, within the distance that a reasonably prudent, careful person could see objects ahead of him under the circumstances surrounding these drivers at this time, but if the other vehicle drove into that otherwise assured clear distance ahead, then such driver is not negligent within the assured. clear distance rule, as I have given it to you."

In considering the issue we also have in mind the testimony indicating that defendants' truck proceeded for a distance of 48 feet after it crossed the center line of the road, and that it had almost stopped when the impact occurred. Under such testimony, considered in connection with the proofs as to the rate of speed at which the Mercury was traveling, and the lack of any testimony that its speed was decreased prior to the impact, it was for the jury to say whether the truck should have been observed by the driver of the Mercury, on the east side of the center line, in such time as to have permitted the automobile to be brought to a stop or its speed decreased to a rate that would have permitted the

* See PA 1949, No 300, § 627 (CLS 1956, § 257.627, Stat Ann 1952 Rev § 9.2327).—REPORTER.

driver to avoid the impact. We find no error in the charge as given. *Bramer* v. *Ames,* 338 Mich 226 (47 ALR2d 112).

Plaintiffs' motion for a new trial was based, in part, on the claim that the verdict of the jury was contrary to the great weight of the evidence. We are not in accord with such contention. The issues involved in the cases were factual and were properly submitted in a charge that carefully protected the rights of plaintiffs as well as of defendants. The weight to be given to the testimony of the different witnesses rested in the good judgment and common sense of the jurors. The verdict returned found adequate support in the proofs. *Carlson* v. *Brunette,* 339 Mich 188, to which counsel have called attention, may be distinguished on the facts. The trial court was not in error in refusing to grant a new trial.

We find no error in the record requiring reversal of the judgments entered. Appellants' claim that the reference made by the attorney for defendants in his final argument to the jury to the fact that plaintiff Merl Peden had paid a certain sum of money to the owner of the car that Donald was driving, and that such payment was in the nature of an admission of fault on the part of Donald, does not require specific discussion. It does not appear that the trial judge was specifically asked to rule on the matter and, in any event, it was within the province of the jurors to draw such inferences from the fact of the payment as they deemed warranted.

The judgments are affirmed, with costs to appellees.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.