JARECKI v FORD MOTOR COMPANY

OPINION OF THE COURT

1. EVIDENCE—INTRODUCTION—SUPPRESSION—AVOIDING FAIR ADJUDI-
   CATION—RELEVANCE—DISCRETION—ABUSE.

   A party may properly argue and introduce evidence relating to
   attempts of opposing parties to suppress evidence or otherwise
   avoid the fair adjudication of a dispute, and the relevance of
   such evidence is within the sound discretion of the court, and
   that discretion will not be disturbed on appeal unless a clear
   abuse has been shown; the question is whether the evidence is
   sufficiently probative of a fact in issue to offset any prejudice it
   produces.

2. AUTOMOBILES—JURY—SECRETARY OF STATE—ACCIDENT CLAIMS
   FUND—REFERENCE TO FUND—PREJUDICE—STATUTES.

   No prejudice results from a reference before a jury to the Motor
   Vehicle Accident Claims Fund where the Secretary of State has
   been joined or added or has intervened as a party, since the
   jury is aware of the fund by the presence of the Secretary of
   State (MCLA 257.1123).

3. AUTOMOBILES—SECRETARY OF STATE—ACCIDENT CLAIMS FUND—REF-
   ERENCE TO FUND—LIMITED LIABILITY—PREJUDICE—STATUTES.

   It was not improper for plaintiffs' counsel in his opening state-
   ment to the jury and the court in its charge to mention the
   limited liability of the Secretary of State under the Motor
   Vehicle Accident Claims Fund where the Secretary of State
   was a codefendant; the applicable statute expressly states what
   the maximum liability of the Secretary shall be in cases of
   death or injury and plaintiffs' counsel and the court stated the
   law accurately.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 276, 277.
[2, 3] 75 Am Jur 2d, Trial § 208.
[4] 75 Am Jur 2d, Trial § 319 et seq.
[5] 75 Am Jur 2d, Trial § 340.
[6] 29 Am Jur 2d, Evidence § 493 et seq.

4. TRIAL—JURY—JURY QUESTION.

   A question is properly left for the jury's determination if reasonable minds can differ as to its resolution.

DISSENT BY QUINN, J.

5. TRIAL—JURY QUESTION—CONJECTURE.

   *A case should not be submitted to the jury where a verdict must rest upon a conjecture or guess.*

6. APPEAL AND ERROR—TRIAL—EVIDENCE—ADMISSIBILITY—HEARSAY— AUTOMOBILES—OWNERSHIP—JURY QUESTIONS—PEDESTRIAN AC- CIDENTS.

   *The admission of hearsay evidence as to a defendant's ownership of an automobile in an action arising out of an automobile- pedestrian accident was reversible error where the court sub- mitted the question of defendant's ownership of the automobile to the jury even though without the hearsay evidence there was nothing in the record to support a jury finding as to defendant's ownership of the vehicle at the time of the acci- dent, because the jury could find the requisite ownership of defendant by only guess and conjecture.*

Appeal from Wayne, James N. Canham, J. Sub- mitted June 16, 1975, at Detroit. (Docket No. 20448.) Decided October 14, 1975.

Complaint by Stanley and Marie Jarecki against the Ford Motor Company, Lewis C. Veraldi, Rich- ard H. Austin, Secretary of State, and Tony J. Julio, for damages arising out of an automobile- pedestrian accident. Judgment for plaintiffs as to defendant Ford Motor Company only. Defendant Ford Motor Company appeals. Affirmed.

*Lopatin, Miller, Bindes & Freedman* (by *Michael A. Gantz),* for plaintiffs.

*Alexander, Buchanan & Seavitt* (by *James H. Finney),* for defendant Ford Motor Company.

Before: Lesinski, C. J., and Quinn and T. M. Burns, JJ.

T. M. Burns, J. This negligence action was instituted by Stanley Philip Jarecki against defendants Ford Motor Company and Richard A. Austin, Secretary of State, jointly and severally. The suit arose as a result of an automobile-pedestrian accident which took place on March 25, 1971, at about the hour of midnight on Eight Mile Road at or near Anglin Street in the city of Detroit. The plaintiff, Stanley Jarecki, then a pedestrian, was struck by a motor vehicle, said vehicle continuing on its way after the accident without stopping. The accident occurred in the westbound lanes of Eight Mile Road at the location indicated.

Livonia Police Officer Daniel Wilcox investigated the accident and over the objection of counsel for defendant Ford Motor Company, testified at trial that a witness, Angelo Ramaci, had indicated that the car involved in the accident was a full-sized Ford bearing a 1970 Michigan license number JZJ 411.

Sergeant Carl Larsen of the Livonia Police Department testified that after he learned of the ownership of the vehicle in question through a teletype from the Secretary of State, he contacted Ford Motor Company in April of 1971 to check upon possession of the vehicle with the aforementioned license number. Larsen indicated that a Mr. Echlin of Ford Motor Company informed him that the vehicle in question had been sold a month before the accident. It was later discovered that this information was erroneous and that the vehicle, a Thunderbird, had not been sold, but rather had been leased by the Ford Motor Company to a Lewis Charles Veraldi. After leasing the car, Veraldi turned over complete possession and control

to a close friend, Frank Zoline. The possession of the vehicle by Zoline was not in issue.

Angelo Ramaci, who was driving in a westerly direction on Eight Mile Road and was behind the impact when it occurred, was plaintiffs' major witness. He testified that after the accident he followed the car involved for a considerable distance and when it did not stop, he wrote down the license number on an owner's manual which he had in his 1966 Cadillac. He also testified that the vehicle which hit the plaintiff contained two white males between the ages of 35 and 45. A manual from a 1966 Cadillac, purporting to be the same manual upon which Ramaci recorded the license number on the night of the accident, was produced at trial and introduced into evidence over the objection of counsel for defendant Ford Motor Company. Written in pencil on the front cover of the manual was the six-digit license number JZJ 411.

Whether the manual was the original manual and whether or not the handwriting thereon was that of witness Ramaci was in issue at trial. Ramaci testified that he could not identify the color (and thus the year) of the plate nor could he tell the state of origin of the plate. A stipulation was entered into at trial to the effect that at the time of this accident, twenty states were using the three letter and three digit license numbering system.

The accident occurred during a period of time in which license plates could have been either one year or the other. The person owning the 1971 license plate with the number JZJ 411 was Tony Julio, a 70-year old white male who was added to the case as a defendant about six or seven months before trial. Julio testified that he was not involved in the accident because he had been home

in bed at that time. Frank Zoline, the 42-year old white male driver of the Ford-owned vehicle denied any involvement in the accident but admitted that he could not remember his exact whereabouts on the evening in question.

Trial began in Wayne County Circuit Court on October 31, 1973, and continued through November 8, 1973. On that date, the jury returned a verdict in favor of plaintiff Stanley Jarecki in the amount of $234,000 and in favor of plaintiff Marie Jarecki in the amount of $17,000 against the Ford Motor Company only. The jury returned a verdict of no cause of action against defendant Secretary of State. Earlier the trial court had granted defendant Julio's motion for a directed verdict while denying similar motions made by the Ford Motor Company and the Secretary of State.

Judgment on the verdict was entered on December 3, 1973. On February 8, 1974, the trial court denied defendant Ford Motor Company's motion for a new trial as to plaintiff Stanley Jarecki, but ordered that a new trial be granted as to plaintiff Marie Jarecki when plaintiff stipulated to same. Counsel for defendant Ford Motor Company objected as to the granting of a new trial on the Marie Jarecki case only. Orders conforming to the above rulings were entered on March 29, 1974. On May 10, 1974, an amended order denying defendant Ford Motor Company's motion for a new trial as to Stanley Jarecki and granting a new trial as to Marie Jarecki was entered. This appeal followed.

Defendant Ford Motor Company first claims that it was reversible error for the trial court to permit plaintiffs' counsel to refer to the fact that Ford Motor Company gave erroneous information to the police officer investigating this hit-and-run

accident. On the other hand, plaintiffs argue that such statements were highly relevant to the issues involved in this case.

Where relevancy is in issue, the question we must decide is whether the evidence is sufficiently probative of a fact in issue to offset the prejudice that the evidence produces. A party may properly argue and introduce evidence relating to the opposing parties' attempts to suppress evidence or otherwise avoid the fair adjudication of a dispute. 31A CJS, Evidence, § 179, p 456, *Long v Earle,* 277 Mich 505; 269 NW 577 (1936). In the case at bar, as to the question of whether it was permissible for the plaintiffs to show that Ford Motor Company attempted to avoid the fair adjudication of a claim concerning a car owned by them by giving the police erroneous information, the trial court found that the evidence was probative of an issue in dispute and, therefore, admissible. The relevancy of proffered evidence is within the sound discretion of the trial court, and that discretion will not be disturbed on appeal unless a clear abuse has been shown. *Wilhelm v The Detroit Edison Co,* 56 Mich App 116, 143–144; 224 NW2d 289 (1974), *Kujawski v Cohen,* 56 Mich App 533, 540; 224 NW2d 908 (1974). We find no abuse by the trial court in admitting this evidence.

Next defendant maintains that it was reversible error for the trial court to deny its motion for a mistrial.

In his opening statement, plaintiffs' counsel indicated to the jury that the liability of the Secretary of State was limited to $10,000, as that liability related to plaintiff Stanley Jarecki.[1] The trial court

---

[1] On the date of the accident in question, claims against the Motor Vehicle Accident Claims Fund were limited to $10,000. MCLA 257.1123; MSA 9.2823.

charged the jury that if they found against the Secretary of State, their joint award for both Mr. and Mrs. Jarecki could not exceed $20,000. Defendant now claims that it was error to mention the Secretary of State's limitation of liability and that accordingly its motion for mistrial should have been granted. We disagree.

In *Raffin v O'Leary,* 34 Mich App 398, 401; 191 NW2d 481 (1971), *lv den* 385 Mich 789 (1971), the Court said:

"We recognize that reference to the fund, where the Secretary of State has been joined or added or has intervened, is without prejudice since the jury is aware of the fund by the presence of the Secretary."

If it is not error to refer to the fund where, as here, the Secretary of State has been joined as a defendant, we fail to see how it could be considered error to mention the limited liability of the fund where the applicable statute expressly states what the maximum liability of the Secretary shall be in cases of death or injury. MCLA 257.1123; MSA 9.2823. In our opinion plaintiffs' counsel in his opening statement and the trial court in its charge to the jury have only accurately stated the law concerning the liability of the fund as expressed in the statute. We find this to be permissible and hence we conclude that the trial court did not err in denying defendant's motion for a mistrial.

Defendant next assigns error to the denial of its motion for directed verdict. This contention rests upon the theory that the only evidence linking the defendant to the hit-and-run vehicle was the hearsay testimony of the investigating officer. Defendant's objection to the introduction of this testimony was overruled by the trial court. Defendant

now asserts that as this testimony was the only evidence linking it with the vehicle, and as the evidence was inadmissible and never supported by subsequent testimony, that there was not sufficient evidence to go to the jury. We disagree.

Wilcox's testimony relating the statements of Ramaci made during the accident investigation was hearsay, and the trial court erred in overruling defendant's objection. This, however, was not reversible error. A question is properly left for the jury's determination if reasonable minds can differ as to its resolution. *Becker v Pension Fund,* 59 Mich App 684, 691; 229 NW2d 888 (1975).

Completely disregarding Wilcox's testimony, there yet existed a question of fact concerning defendant's ownership of the vehicle and evidence was offered upon which reasonable minds could differ. Ramaci himself testified at the trial that the license plate on the vehicle was JZJ 411, but he was at that time unable to remember the state or year of the license plate or the make of the automobile. Considering the year and state in which the accident occurred and the fact that the license plate number testified to by Ramaci corresponds with the Michigan license plate numbering system, the jury may well have concluded that the license plate seen by Ramaci was a 1970 Michigan license plate.

The argument that the degree of certainty of defendant's ownership of the hit-and-run vehicle based on the evidence was the same as that of Mr. Julio's ownership and that, therefore, defendant should have been granted a directed verdict as was Julio is not supported by the facts. The two descriptions of the hit-and-run driver and the fact that Mr. Julio was at home at the time of the accident clearly eliminates any question of his

guilt. There is no such evidence to remove the possessor of defendant's vehicle from the scene of the accident. The testimony with respect to the age of the driver of the car would eliminate Julio from consideration as the driver, but would clearly suggest that Veraldi or Zoline *could* have been the driver.

Considering the totality of circumstances surrounding the accident and defendant's erroneous and misleading statements concerning its ownership of the suspect automobile, we conclude that there were sufficient facts upon which reasonable minds could differ on the question of defendant's ownership of the hit-and-run vehicle. We hold that the trial court was not in error in denying defendant's motion for directed verdict.

The remaining issues raised by the defendant relating to the trial court's cautioning of the witness Ramaci and the granting of a new trial for one plaintiff only do not warrant extensive discussion.

The vacillation and uncooperative attitude of Ramaci while testifying was cause for comment by the trial court and did not constitute reversible error. The decision to grant a new trial with respect to Mrs. Jarecki was within the discretion of the trial court and no abuse of such discretion is found. GCR 1963, 527.1.

Affirmed.

LESINSKI, C. J., concurred.

QUINN, J. *(dissenting).* I am unable to agree with the majority opinion.

"The law is well settled that a case should not be submitted to the jury where a verdict must rest upon a conjecture or guess", *In re Potts' Estate,*

304 Mich 47, 53; 7 NW2d 217, 219 (1942). The majority opinion properly holds that the admission, over objection, of Wilcox's hearsay testimony relating Ramaci's statements was error. It fails to note that the only basis for the trial court's overruling of that objection was plaintiffs' assurance that Wilcox's hearsay testimony would be corroborated by the testimony of Ramaci. This never occurred.

Without this hearsay testimony of Wilcox, I find nothing in this record to support the jury verdict as to the Ford Motor Company's ownership of the vehicle involved at the time of the accident. The jury could only find the requisite ownership of Ford by guess and conjecture. It was reversible error to admit Wilcox's hearsay testimony.

I vote to reverse and remand for entry of an order granting Ford Motor Company's motion for directed verdict.