# APRIL TERM, 1917.

## HALL v. CITY OF FLINT.

1. EVIDENCE—APPEAL AND ERROR—CONCLUSION OF WITNESS—PERSONAL INJURIES.

In an action against a municipal corporation to recover damages for personal injuries sustained by plaintiff while driving with a companion in a buggy, even if a question asked plaintiff whether he observed any carelessness or careless act on the part of his companion while so driving, was incompetent as calling for a conclusion, its admission and the answer was not reversible error.

2. SAME—ADMISSIBILITY—APPEAL AND ERROR.

In such action, where a witness, after testifying that plaintiff, who worked for him after the injury, could do certain things in attending to a team, was asked what there was which plaintiff "did not do" about getting a team ready, and answered, "He could not put his arm up to put the harness on," and testified further to things plaintiff did in using his arm, *held*, that such answer was not responsive, but its admission was not erroneous in view of what preceded and followed it.

3. SAME—EXCLAMATIONS OF PAIN—ADMISSIBILITY.

Exclamations of present pain and suffering from an injury are admissible, in an action to recover damages for such injury.

4. SAME — MUNICIPAL CORPORATIONS — HIGHWAYS AND STREETS — UNGUARDED OBSTRUCTIONS.

In such action, where the injury sustained by plaintiff was due to a collision between a buggy in which he was riding and a wagon standing without a light on one of defendant's streets, evidence offered to show how a certain rig was driven, *held*, properly excluded in the absence of a showing that it was the rig in which plaintiff was riding.

5. APPEAL AND ERROR—ARGUMENT OF COUNSEL—SAVING QUESTIONS FOR REVIEW—EXCEPTIONS.

Remarks of counsel at the trial, which were held by the presiding judge to be immaterial, cannot be complained of on appeal where no exception was taken and the judge was not asked to say anything further to the jury.

6. TRIAL—INSTRUCTIONS—APPEAL AND ERROR.

A charge which, when read in its entirety, is a fair and impartial statement of the law applicable to the facts of the case, will not be held erroneous on account of a few sentences therein, which, standing by themselves, might be subject to criticism.

7. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—PERSONAL INJURIES—UNGUARDED OBSTRUCTIONS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a municipal corporation to recover damages for personal injuries sustained by plaintiff while driving in a buggy which collided with a wagon having no light thereon, standing in a public street of defendant, where there was evidence tending to support defendant's claim that certain conditions were such that due care on plaintiff's part would have discovered such wagon, and also evidence tending to sustain plaintiff's claim that certain other conditions were such as to charge defendant with a duty to hang out a danger signal, *held*, that the testimony presented issues of fact, and a directed verdict for defendant was properly denied.[1]

Error to Genesee; Stevens, J. Submitted January 15, 1917. (Docket No. 142.) Decided April 9, 1917. Rehearing denied June 1, 1917.

Case by Sidney Hall against the city of Flint for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Homer J. McBride* (*John H. Farley* and *Jackson & Fitzgerald,* of counsel), for appellant.

*Clinton Roberts,* for appellee.

[1] On liability of municipal corporation for defects or obstructions in streets, see comprehensive note in 20 L. R. A. (N. S.) 513; particularly as to the use of streets for storage of vehicles, lumber, etc., see page 612 of above note.

MOORE, J. Sidney Hall, on the 29th day of October, 1914, with one Mr. Darling, drove to the city of Flint in a phaeton top buggy drawn by a horse owned by Mr. Darling which horse was blind. They drove into the city over South Saginaw street, which was being paved. The plaintiff and Mr. Darling at about 10 o'clock in the evening started for home. There was a double-track street railway on this street along the line of which were red lights where the paving operations were in progress. The buggy in which the plaintiff was riding collided with a wagon loaded with brick, which was on the east side of the street next to the curb. There was no light on the wagon. The plaintiff was thrown out and suffered injuries for the recovery of which this action was brought. The jury returned a verdict for the plaintiff of $1,500. The case is brought here by writ of error.

Appellant assigns 29 errors, each of which he says is relied upon for reversal. These assignments of error are grouped as follows:

(1) Error relating to the admission or rejection of evidence.

(2) Improper conduct of counsel.

(3) Error in denying defendant's motion to direct a verdict.

(4) Errors in the charge and refusal to charge.

(5) Error in denying defendant's motion for a new trial.

The first assignment of error relates to the testimony of the plaintiff, Hall, who was permitted to answer the following question:

"Q. You may state whether or not you observed any carelessness on the part or any careless act on the part of Mr. Darling while you were driving over the street?"

It is said this calls for a conclusion and is incompetent. Mr. Hall and Mr. Darling were examined at great length, both as to what they did and what they

did not do. If the question and answer were incompetent it was not reversible error.

The sixth assignment of error relates to the testimony given by the witness Diamond to the effect that after the injury Mr. Hall could not raise his arm to put the harness on the horses. At this point it is well to consult the record:

"I have known plaintiff about five years. He was working for me at the time this injury occurred.   *   *   *   This was the third summer he had been working for me when the accident happened.   *   *   * He came back to my place to work after the injury.   *   *   *   He could drive a team if you got them ready for him, harnessed them. He could feed the team and brush them up a little with one hand and he could hitch them up.

"Q. What was there about getting the team ready that he did not do?

"A. He could not put his arm up to put the harness on them.

"Mr. McBride: I move to strike it out as a conclusion.

"The Court: Why?

"Mr. Jackson: He said he could not do it; that is certainly his conclusion; it could not be anything else.

"Mr. Roberts: The question was what did he do.

"A. (Repeated.)

"Mr. Jackson: I move to strike it out as a conclusion of the witness.

"The Court: Well, now here; he was there and worked for him; he could observe what he did and what he tried to do and could not do. While you may say it is a conclusion, yet it is a conclusion based on actual observation. I think it is competent. He may answer it.

"Mr. Jackson: Take an exception to the remark of the court.

"Q. What could he do on the farm, as a common farm laborer after he was injured as compared with what he could do before his injury?

"A. Why the principal thing he could do was to drive the team, drag, something like that, work he

did not have to use his arm, then he would have to draw a loop on the lines to hang on to the lines with that hand."

It will be observed that the answer was not responsive to the question, but in view of what preceded and followed it we do not think it error. *Elliott* v. *Van Buren*, 33 Mich. 49, at page 53 (20 Am. Rep. 668); *Harris* v. *Railway Co.*, 76 Mich. 227 (42 N. W. 1111); *Will* v. *Village of Mendon*, 108, Mich. 251 (66 N. W. 58).

The witness Diamond was asked:

"During this time that he was working you may state whether or not he made any expressions of present pain and suffering from it."

This question was objected to as being too remote. The rule that exclamations of present pain and suffering are admissible is well settled in this State. *Hyatt* v. *Adams*, 16 Mich. 179, 200; *O'Dea* v. *Railroad Co.*, 142 Mich. 265 (105 N. W. 746); *Girard* v. *City of Kalamazoo*, 92 Mich. 610 (52 N. W. 1021); *Strudgeon* v. *Village of Sand Beach*, 107 Mich. 496 (65 N. W. 616); *Will* v. *Village of Mendon, supra.* The trial judge very carefully safeguarded the admission of this testimony.

Assignments of error are made because of the exclusion of testimony offered by the witness James Owen as to how a certain rig observed by him was driven. The court said if the rig was identified as the one in which plaintiff was riding he would permit it. Counsel replied:

"*Mr. Jackson:* I want your honor to understand what I promise in this respect. We will show rigs driven similar to those rigs, that one of them was a rig occupied by these people which collided with the wagon, and about this same time, and from that we say it will be a question for the jury.

"*The Court:* You are going to ask the jury to say whether they were in this rig or not?

*"Mr. Jackson:* Yes, sir.
*"The Court:* I do not think you can do it."

The court again said that he would permit the testimony if counsel would show it was the rig in which plaintiff was riding. This was not done, and there was no promise to supply the testimony. The court did not err in his ruling.

We quote from the brief:

"I do not wish to say anything in the presence of this jury, nor I won't, but it is manifestly certain that the associates of the city attorney are here for some purpose; that is, they are not the city's attorneys."

The above language is complained of as prejudicial. The record shows:

*"Mr. Jackson:* We object to the remark of counsel on the record.
*"The Court:* I think that is immaterial.
*"Mr. Roberts:* That is all Mr. Newcombe."

Apparently counsel were content with what was said by the judge; for no exception was taken, and the judge was not asked to say anything further to the jury. Under such circumstances counsel cannot complain.

As to the errors relating to the charge and refusal to charge, it may be said that the charge was a long one covering 20 pages of the printed record. There are a few sentences in it which standing by themselves might perhaps be open to criticism, but, if the case was to be submitted to the jury at all, the charge, when read in its entirety, was a fair and impartial statement of the law applicable to the facts of the case.

This brings us to:

(3) Error in denying defendant's motion to direct a verdict.

(5) Error in denying defendant's motion for a new trial.

It was the plaintiff's claim that while in the exercise of due care the vehicle in which he was riding came in collision with a wagon standing on the paved portion of that part of the street that was open for travel, and that there was no red or other light upon the wagon to warn him and his companion.

On the part of the city it is conceded that the paved portion of the street between the street railway and the curb was open to travel, but it is claimed there is no testimony showing the city was responsible for the placing of the wagon where it was. It is also claimed that it was a bright moonlight night, and that there were street lights in the vicinity, so that if plaintiff and his companion were in the exercise of due care they would have discovered the danger.

The plaintiff replies to these contentions that the wagon and its contents were being used in the paving which was being done under direction of the city, that the street lights were too far away to be of use, and that at the time of the injury there was a foggy, drizzling rain which made it difficult to see, and that it was the duty, if such an obstruction was to be left on the paved one-half of the street which was open to travel, to hang out a danger signal.

These various claims were supported by testimony which made issues of fact. These were fairly submitted to the jury. We have examined all of the assignments of error, but it is not practicable to discuss each of them in detail.

The judgment is affirmed, with costs to the plaintiff.

KUHN, C. J., and STONE, BIRD, STEERE, and FELLOWS, JJ., concurred with MOORE, J. OSTRANDER and BROOKE, JJ., concurred in the result.