DUBEAU *v.* BORDEAU.

1. APPEAL AND ERROR—OMISSION FROM CHARGE—AUTOMOBILES—
   PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

   In pedestrian's action against motorist for injuries sustained
   while crossing a street on a summer evening, trial court's charge
   that ''proximate cause'' was an essential of actionable negli-
   gence and that contributory negligence was simply negligence
   on the part of the person injured, if construed as an omission
   of charge as to an element of contributory negligence, was not
   prejudicial where record shows that if plaintiff was guilty of
   negligence in the manner claimed by defendants it was a
   proximate cause of the accident.

2. SAME—FAILURE TO CHARGE—REQUEST TO CHARGE

   Failure to give a detailed charge as to proximate cause is not
   ground for reversal where plaintiff made no request to charge
   on that phase of the law (Court Rule No. 37, § 9 [1933]).

3. SAME—INSTRUCTIONS—TRAFFIC—RECORD.

   In pedestrian's action against motorist for injuries received when
   latter backed his car over a crosswalk at an intersection, trial
   court's instruction to jury by way of illustration that a pedes-
   trian was bound to take notice of dangers incident to the public
   travel on highways especially where automobiles are constantly
   passing and repassing was not erroneous where it is a fair in-
   ference from record that there was frequently passing traffic
   on one of the streets at that intersection.

4. SAME—INSTRUCTIONS—CROSSING STREETS—EVIDENCE.

   In pedestrian's action against motorist, instruction that ordinary
   care requires that a person about to cross a street in a busy
   section of a city should look while in a place of safety before
   attempting to cross was not prejudicial or erroneous where it is
   undisputed that plaintiff did look before attempting to cross.

5. NEW TRIAL—INSTRUCTIONS—OMISSIONS TO CHARGE.

   Trial court's statements of fact or propositions of law not in-
   volved in case before the jury or his failure to direct jury's

attention, to every material fact or pertinent legal proposition are not grounds for granting a new-trial unless the complaining party was deprived of a fair trial.

6. AUTOMOBILES—PEDESTRIANS—BACKING CAR AT INTERSECTION—SUDDEN EMERGENCY—INSTRUCTIONS.

In pedestrian's action against motorist for injuries inflicted when car was backed toward plaintiff while she was crossing on a crosswalk near a street intersection, the law of sudden emergency was wholly inapplicable under plaintiff's own theory that accident occurred immediately after car had suddenly started back again after having stopped once and no claim is made that plaintiff was guilty of improper action or failure to act after she found herself in a place of danger.

7. SAME—PEDESTRIANS—STREET INTERSECTIONS—CONFLICTING TESTIMONY—QUESTION FOR JURY—EVIDENCE.

In pedestrian's action against motorist for injuries she sustained when car was backed toward her at a street intersection, where testimony was conflicting on controlling issue as to plaintiff's right to recover, a question for jury was presented and its verdict was not against the great weight of the evidence.

Appeal from Saginaw; Martin (William H.), J. Submitted October 13, 1939. (Docket No. 11, Calendar No. 40,529.)   Decided December 19, 1939.

Case by Ethel Dubeau against Thomas Bordeau and another for personal injuries sustained when she was struck by defendants' automobile. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Heilman & Purcell,* for plaintiff.

*Frank A. Rockwith (Wm. C. O'Keefe,* of counsel), for defendants.

NORTH, J.   Plaintiff while walking across Fraser street in the city of Saginaw was injured as a result of being struck by an automobile owned by defend-

ant Thomas Bordeau and with his consent being driven by defendant Robert Bordeau. Upon trial by jury defendants had verdict, and judgment was later entered thereon. Plaintiff made a motion for a new trial on the ground that the verdict was against the great weight of the evidence. This was denied. In her appeal to this court she assigns numerous errors on the portion of the court's charge to the jury pertaining to the question of contributory negligence; and she also urges that the trial court was in error in refusing her request to charge as to "emergency," and in denying her motion for a new trial.

About 9:15 in the evening of June 15, 1936, plaintiff, a woman 44 years of age, and a lady companion 60 years of age attempted to cross Fraser street in a northerly direction on a crosswalk on the easterly side of Michigan avenue at the intersection of these two streets. Michigan avenue, extending north and south, is a paved street 41 feet from curb to curb. On either side the Fraser street crosswalk is 18½ feet from the edge of the Michigan avenue pavement. The intervening space is graveled. Fraser street is an ordinary dirt street, the traveled portion being about 34 feet in width. As plaintiff started to cross Fraser street she made an observation for approaching vehicles. About this time she observed the Bordeau car which came from the north on Michigan avenue and turned to its right onto Fraser street, this being in the direction away from plaintiff. It was driven a little beyond the westerly crosswalk at this intersection, and it stopped momentarily at the north curb on Fraser street. It was at this time that plaintiff and her companion started northward across Fraser street on the crosswalk on the east side of Michigan avenue. The defendant driver backed his vehicle in an easterly direction across this intersection and struck both

plaintiff and her companion while on the crosswalk in the northerly portion but near the center of Fraser street. Plaintiff claims that when the automobile was about 10 feet from this easterly crosswalk defendant driver stopped his car, and then plaintiff, believing the driver was about to turn to his right and go north on Michigan avenue, proceeded with her companion northerly on the crosswalk when suddenly defendant driver again backed his car, struck and injured plaintiff. No horn was sounded or other warning given of the approach of the automobile. This version of the accident was also given by plaintiff's companion and other witnesses.

On the other hand the defendant driver and another occupant of the car testified that, while the course of the automobile was substantially as plaintiff claims, it did not stop before reaching the crosswalk and then suddenly renew its backward movement. Instead it is defendants' claim that plaintiff and her companion without making proper observation walked directly into the course of the car as it moved backward and the accident happened.

Appellant asserts there were numerous errors in the charge to the jury. The circuit judge, after stating plaintiff's claim as to the manner in which the accident happened, charged that the defendant driver was guilty of negligence as a matter of law, and further charged:

"Then you have for consideration the question of contributory negligence on the part of the plaintiff, if any, and whether or not the negligence of the defendant was the proximate cause of her injuries. * * *

"Contributory negligence is simply negligence on the part of the person injured, and the laws applicable to negligence of a defendant are in like manner applicable to the party injured. Contributory negli-

gence that will bar a recovery for injury by the plaintiff is such negligence as amounts to an absence of ordinary care.  *  *  *

"That burden [of proof] is, therefore, upon the plaintiff to show you by a preponderance of the evidence, two things:

"1. That she, herself, was free from negligence, and if you find that she was guilty of any negligence whatsoever, she cannot recover; she must be entirely free from negligence.

"2. That the defendant's negligence, which has already been established, was the proximate cause of her injuries, the injuries of which she complains here.  *  *  *

"Pedestrians are bound to take notice of the dangers incident to the public travel on highways, and especially is this true where automobiles are constantly passing and repassing. The operators of automobiles are charged with the duty of exercising due care and reasonable diligence in order to avoid injury to pedestrians. Pedestrians are required to exercise ordinary care for their own safety in avoiding injury to themselves.  *  *  *  Ordinary care requires that a person about to cross a street should look before attempting to cross. Ordinary care also requires that the driver of an automobile shall be diligent in the operation of his car to discover dangers that are apparent or should be apparent to one in the exercise of ordinary vigilance."

One of appellant's criticisms of the charge as to contributory negligence is that the element of proximate cause was omitted. While the judge in this particular was not as specific as might be desired, still in the portion above quoted the trial judge twice expressly embodied "proximate cause" as an essential of actionable negligence, and he did the same as to contributory negligence by saying to the jury "contributory negligence is simply negligence

on the part of the person injured.'' In any event this phase of the charge might have been omitted because, under the record in this case, if plaintiff was guilty of negligence in the manner claimed by defendants it was a proximate cause of the accident. *Charette* v. *Village of L'Anse,* 154 Mich. 304. We think the claimed error was not prejudicial; and further, failure to give a detailed charge as to proximate cause cannot be held to be a ground for reversal because plaintiff made no request to charge on that phase of the law. Court Rule No. 37, § 9 (1933); *Moss* v. *Shreve,* 278 Mich. 665.

Appellant claims error in that the circuit judge in charging the jury referred to or stated some phases of the law which were not pertinent to the contention of either plaintiff or defendants, and also the judge stated or assumed some facts as to which there was no testimony. We quote two portions of the charge of which appellant complains in this particular:

''(1) Pedestrians are bound to take notice of the dangers incident to the public travel on highways, and especially is this true where automobiles are *constantly passing and repassing.''*

''(2) Ordinary care requires that a person about to cross a street in a busy section of the city *should look while in a place of safety before* attempting to cross.''

As to (1) appellant points out that there is no testimony showing ''constantly passing'' traffic on Fraser street. The trial judge did not say there was frequently passing traffic on Fraser street, and it is a fair inference from the record that there was frequently passing traffic at this intersection on Michigan avenue. Further, we think the above quotation and others of like character were embodied

in the court's charge by way of illustration and so that the jury might more clearly understand, rather than being stated to the jury as governing the instant case. As to (2) above quoted, appellant stresses there was undisputed testimony that before starting to cross the street she did look and appellees make no claim to the contrary. The record was plain in this particular so that it seems quite conclusive the quoted portion of the charge could not have prejudiced plaintiff's rights. Administration of justice would not be benefited or the end of litigation expedited by placing trial courts in straight jackets in consequence of which it would needs be held there was ground for a new trial whenever the presiding judge in the course of his charge to the jury stated a fact or a proposition of law not involved in the litigated matter, or conversely whenever he failed to direct the jury's attention to every material fact or to every pertinent proposition of law. This court has held that assumption of facts of which there was no testimony by the trial judge in his charge or a statement of inapplicable propositions of law may necessitate a retrial. *Fortner* v. *Koch,* 272 Mich. 273 (38 N. C. C. A. 334). But such result does not always follow. The question is: Did such statements of the trial judge touching matters not involved in the suit deprive the complaining party of a fair trial? If so, a new trial should be ordered, but otherwise not. In the instant case the issue for the jury presented by the conflicting testimony was so plain and so simple that it seems incredible the jury was misled in any manner by irregularities in the charge given. This being so, we fail to find prejudicial error.

There is no merit to appellant's claim of reversible error in that the trial court refused to charge

on the theory of sudden emergency. Under her own claim as to the manner in which the accident happened, the law of sudden emergency had no application. Instead she in substance testified that when she discovered the Bordeau car had suddenly started backward a second time and when she was first in a place of danger, she was struck instantly and fell to the ground. No claim was made at the trial of this case that plaintiff was guilty of improper action or failure to act after she found herself in a place of danger. The law of sudden emergency was wholly inapplicable to the issue presented to the jury. *Anderson* v. *Bliss,* 281 Mich. 323; *Herzberg* v. *Knight,* 289 Mich. 29.

Careful reading of the charge as given leads to the conclusion that, taken as a whole, this controversy was presented to the jurors in such a manner as fairly directed them as to their duties in passing upon plaintiff's right to recovery. None of the assigned errors based upon irregularities in the charge necessitate or justify granting a new trial.

Appellant also asks reversal and a new trial on the ground that the verdict was against the great weight of the evidence. On the controlling issue the testimony of and in behalf of the respective litigants was in direct conflict. Decision was for the jury, not for the trial court or for this court. *Milks* v. *Tritten,* 258 Mich. 236. Other phases of the record assigned as error by appellant have been considered, but we find them to be without merit.

The judgment entered in the circuit court is affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.