⌀        COOKSON v. HUMPHREY.

1. AUTOMOBILES — MOTORCYCLES — SPEED — HEADLAMPS — STOPPING — STATUTES — NEGLIGENCE.
   Westbound minor motorcyclist near north side of 4-lane pavement *held*, negligent as a matter of law in operating motorcycle at night at speed of 35 to 40 miles an hour with headlamp casting a beam some 75 feet ahead, where stopping distance was 150 feet, a flashing yellow signal was at intersection and statute prohibits operation of such vehicle at night at more than 35 miles an hour unless equipped with headlamp adequate to reveal a person or vehicle 300 feet ahead (CLS 1956, §§ 257.614, 257.627, 257.630).

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.
   The negligence of a plaintiff is no bar to his right of recovery if it was not a proximate cause of his injuries.

3. AUTOMOBILES — MOTORCYCLES — TRUCKS — INTERSECTIONS — SPEED — HEADLAMPS — PROXIMATE CAUSE — QUESTION FOR JURY.
   Whether or not the negligence of westbound plaintiff motorcyclist, in operating his vehicle on north lane of 4-lane highway at a speed that was greater than he could stop within the range of his headlamp and in violation of statute as to illumination required to be afforded by such headlamp, was proximate

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 290.
Driving automobile at speed which prevents stopping within length of vision as negligence. 44 ALR 1403, 58 ALR 1493, 87 ALR 900, and 97 ALR 546.
[2] 38 Am Jur, Negligence § 212.

cause of his collision with defendant's truck at intersection
protected by yellow flashing light as to plaintiff and red
flashing light as to defendant, *held,* a question of fact for
jury in view of presence of automobile some 35 to 40 feet
ahead of plaintiff in inner lane and slow speed of defendant
as he proceeded across intersection (CLS 1956, §§ 257.614,
257.627, 257.630).

4. SAME—NEGLIGENCE—QUESTION FOR JURY—INTERSECTION—OBSER-
VATION—SPEED.

Evidence that northbound defendant truck driver proceeded at
speed of 8 to 10 miles an hour at night across intersection
protected by flashing yellow light over north lanes of 4-lane
pavement near north side of which he had seen westbound
plaintiff motorcyclist approaching at estimated speed of 60 to 70
miles an hour some 500 feet distant *held,* to have presented
question of defendant's negligence for jury, where it does not
appear that defendant again thereafter looked to his right (CLS
1956, § 257.614).

Appeal from Wayne; Maher (Thomas F.), J.
Submitted October 16, 1958. (Docket Nos. 65, 66,
Calendar Nos. 46,689, 46,690.) Decided January
12, 1959.

Case by Kenneth Cookson, a minor, by next
friend, Betty Stone, against Robert M. Humphrey
and Weir Contracting Company, a Michigan cor-
poration, for personal injuries arising from collision
of motorcycle and truck. Similar action by Elmer
Cookson, father, for medical expense. Cases con-
solidated for trial and appeal. Judgments for de-
fendant *non obstante veredicto.* Plaintiffs appeal.
Reversed and remanded for entry of judgments on
verdicts.

*William Murray* and *Albert A. Berger,* for plain-
tiffs.

*Alexander, Cholette, Buchanan, Perkins & Conk-
lin (G. Cameron Buchanan* and *Richard A. Harvey,*
of counsel), for defendants.

Dethmers, C. J.  Combined for trial and appeal are the 2 cases of father and of son suing to recover their damages for injuries to the son, hereinafter called the plaintiff.  They result from the intersection collision of plaintiff's motorcycle with a truck owned by the defendant company and driven by defendant Humphrey, hereinafter called the defendant.  Plaintiffs appeal from judgment of no cause for action entered *non obstante veredicto* on the ground of plaintiff's contributory negligence as a matter of law.

Plaintiff was driving his motorcycle west, near the north edge of a 4-lane, east and west, highway. He was approaching its intersection with a 2-lane, north and south, highway, on which defendant's truck was proceeding north toward the intersection. It was after dark.  A signal flashed red to traffic on the north and south highway and yellow to those on the east and west highway.  Plaintiff's headlight was on lower beam and "would barely light up a person at 75 feet" ahead.  He was travelling at a speed of from 35 to 40 miles per hour.  At that rate of speed he could not have stopped the motorcycle in 85 feet, nor 100 feet, but could have done so in approximately 150 feet.  At about 500 feet back from the intersection an automobile passed him on the left, travelling on the inner westbound lane.  It continued its course on that lane at a distance of from 35 to 50 feet ahead of him.  When he was from 300 to 400 feet from the intersection he looked to the left and saw no vehicle approaching the intersection from that direction.

Defendant stopped the truck at the south entrance to the intersection as required by the red flasher signal (CLS 1956, § 257.614 [Stat Ann 1952 Rev § 9.2314]).  He testified that he saw plaintiff's motorcycle and the automobile just ahead and to the left of it approaching at a distance of about 700 to 1,000 feet.

He estimated plaintiff's speed at from 60 to 70 miles per hour. Testimony of another witness was that when the automobile immediately preceding plaintiff's motorcycle was 350 feet distant, defendant's truck started into the intersection. Defendant testified that he drove the truck through the intersection in second gear, in which its maximum speed was from 8 to 10 miles per hour. He also testified that he last saw plaintiff's motorcycle when it was 500 feet distant and that after starting the truck and entering the intersection he did not again look to his right. The truck crossed the 3 southerly lanes. The automobile just ahead and to the left of plaintiff did not slow down, but passed through the intersection immediately behind the truck.

Plaintiff testified that when he was 85 to 100 feet from the intersection he first observed a gray object in the center of the road ahead. He then saw the truck moving slowly and realized that he could not stop soon enough to avert a collision. He applied his brake, skidded, jackknifed the front wheel, the motorcycle turned on its side on the skid bars, he was unable to miss the truck and collided with one of its rear wheels.

The basis of the court's holding plaintiff guilty of contributory negligence as a matter of law was that his speed was excessive in view of (1) the obstruction of his view to the left by the automobile which had just passed him, (2) his inadequate headlight, which did not throw a light ahead the full distance within which he could stop, and (3) the caution warning of the yellow flasher signal confronting him. Defendants' brief plants it squarely on plaintiff's driving at a speed which would not permit him to stop in less than 150 feet while his headlight would barely enable him to see a person 75 feet ahead. In other words, it is claimed that plaintiff was driving at a speed greater than would permit him to stop within the

assured clear distance ahead in violation of CLS 1956, § 257.627 (Stat Ann 1952 Rev § 9.2327), and without the caution required by CLS 1956, § 257-.614 (Stat Ann 1952 Rev § 9.2314) while approaching an intersection facing a flashing yellow signal. Defendants also point to the prohibition of CLS 1956, § 257.630 (Stat Ann 1952 Rev § 9.2330) against driving a motor-driven cycle after dark at a speed greater than 35 miles per hour, unless it is equipped with a headlamp adequate to reveal a person or vehicle 300 feet ahead.

That plaintiff was guilty of negligence as a matter of law cannot be doubted. Was his negligence a proximate cause of the accident? That seems to us to have presented a question of fact for the jury. Whether a headlight on plaintiff's motorcycle, which would have been adequate to reveal a person 150 feet or even 300 feet ahead, would have disclosed the presence of defendant's truck to plaintiff soon enough to have enabled him to avoid the accident, or whether, on the contrary, because the truck was coming from one side, it would not have come within the ambit or spread of the rays from such adequate headlight in time to have permitted plaintiff, travelling at from 35 to 40 miles per hour as would have been permissible and proper with such headlight, to see it and to avert the collision—these are factual questions. They go to whether plaintiff's negligence was a proximate cause. If it was not, then that negligence is no bar to his right to recover. *Marcott v. Marquette, Houghton & Ontonagon R. Co.*, 47 Mich 1; *Spencer v. Phillips & Taylor*, 219 Mich 353; *Rife v. Colestock*, 297 Mich 194; *Socony Vacuum Oil Co. v. Marvin*, 313 Mich 528; *Alley v. Klotz*, 320 Mich 521. This is true even though the plaintiff's negligent act was, as here, a violation of a statutory duty. See, by way of analogy, cases of such negligence on the part of defendants: *Syneszewski v. Schmidt*, 153

Mich 438; *Fifelski* v. *Grand Rapids Gas Light Co.,* 181 Mich 503; *Lexchin* v. *Mathews,* 269 Mich 120; *Warwick* v. *Blackney,* 272 Mich 231; *Stahl* v. *Bell,* 276 Mich 37.

Defendants contend that the court correctly entered judgment *non obstante veredicto,* if for the wrong reason, then, because the proofs fail, as a matter of law, to show defendant guilty of actionable negligence. We think there was sufficient testimony to go to the jury on this question. As previously noted, defendant testified that while standing still at the entrance to the intersection he saw plaintiff approaching from his right, that he then estimated plaintiff's speed at from 60 to 70 miles per hour, that he last saw plaintiff when 500 feet distant and that he thereafter started into the intersection. Another witness testified that when defendant started to cross plaintiff was but 385 feet distant. Defendant further testified that once he entered the intersection he did not again look to his right and that he proceeded at a speed of from 8 to 10 miles per hour. Whether defendant was guilty of actionable negligence which was a proximate cause of the accident in starting across the 4-lane intersection under such circumstances and then proceeding at some 8 to 10 miles per hour without again looking to his right, gave rise to a question of fact for the jury.

Reversed and remanded for entry of judgments on the jury verdicts, with costs to plaintiffs.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.